FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

Lena Lasher

COMPLAINT

(Enter above the full name of the plaintiff in this action)

V.                                      Civil Action No. _____

Anthony Rubinaccio (Executive Director) "individually and in his official capacity"     (To be supplied by the Clerk of the Court)

New Jersey State Board of Pharmacy (NJ BOP)

124 Halsey St.  PO Box 45029  Newark, NJ 07101

(Enter the full name of the defendant of defendants in this action)

---

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of    $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

---

6.    If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures  set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.    If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint  which you have submitted will be forwarded  by the Clerk to the United States Marshal, who is responsible for service.  The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant.  If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a.   Jurisdiction is asserted pursuant to (CHECK ONE)

    \_\_\_  42 U.S.C. §1983 (applies to state prisoners)

    _√_  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

    If you want to assert jurisdiction under different or additional statutes, list these below:

    _____

1b.   Indicate whether you are a prisoner or other confined person as follows:

    \_\_ Pretrial detainee

    \_\_ Civilly-committed detainee

    \_\_ Immigration detainee

    \_\_ Convicted and sentenced state prisoner

    _√_ Convicted and sentenced federal prisoner (wrongly convicted )

    \_\_ Other: (please explain)_____

2.    Previously Dismissed Federal Civil Actions or Appeals

      If you are proceeding in forma pauperis, list each civil action or appeal
      you have brought in a federal court while you were incarcerated or
      detained in any facility, that was dismissed as frivolous or malicious, or
      for failure to state a claim upon which relief may be granted. Please
      note that a prisoner who has on three or more prior occasions, while
      detained in any facility, brought an action or appeal in a federal court
      that was dismissed as frivolous or malicious, or for failure to state a
      claim upon which relief may be granted, will be denied in forma
      pauperis status unless that prisoner is under imminent danger of
      serious physical injury. See 28 U.S.C. § 1915(g).

a.    Parties to previous lawsuit:    NA

      Plaintiff(s): _____

      _____

      Defendant(s):_____

      _____

b.    Court and docket number:_____

c.    Grounds for dismissal:  ( )    frivolous    ( ) malicious

                              ( )    failure to state a claim upon which relief
                                     may be granted

d.    Approximate date of filing lawsuit:_____

e.    Approximate date of disposition:_____

      If there is more than one civil action or appeal, describe the additional
      civil actions or appeals using this same format on separate sheets.

3.    Place of Present Confinement? Danbury Prison Camp, Danbury, CT

4.    Parties

      (In item (a) below, place your name in the first blank and place your
      present address in the second blank. Do the same for additional
      Plaintiffs, if any.)

      a.    Name of plaintiff: Lena Lasher _____

⇔67662-054⇔
Lena Lasher
Register # 67662-054
33 & 1/2 Pembroke RD
Federal Correctional Inst
Danbury, CT 06811-3099
United States

Address:_____

Inmate#: 67662-054

b.   First defendant:

Name: Anthony Rubinaccio

Official position: Executive Director

Place of employment: New Jersey State Board of Pharmacy 124 Halsey St. PO Box 45029 Newark NJ 07101

How is this person involved in the case? Please see attached

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?) Please see attached .

_____
_____
_____

c.   Second defendant:

Name: New Jersey State Board of Pharmacy

Official position: State Board

Place of employment: New Jersey State Board of Pharmacy 124 Halsey St. PO Box 45029 Newark, NJ 07101

How is this person involved in the case? Please see attached.

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Please see Attached

_____
_____
_____

d.   If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

5.    I previously have sought informal or formal relief from the appropriate
      administrative officials regarding the acts complained of in the
      Statement of Claims on page 6.

      _√_ Yes    ___No

      If your answer is "Yes," briefly describe the steps taken, including how
      relief was sought, from whom you sought relief, and the results. Please see attached

Because the exculpatory evidence, the suppressed video recording, is finally in
the Plaintiff's possession, she requested for a hearing via letters (9/25/2017 and
1/22/2018) to the defendants, Mr. Anthony Rubinaccio (Executive Director) and the New Jersey
State Board of Pharmacy (124 Halsey St. PO Box 45029, Newark, NJ 07101): unfortunately
her requests were unanswered.   (The hearing was to re-instate her pharmacist license).
      If your answer is "No," briefly explain why administrative remedies
      were not exhausted.

      _____

      _____

      _____

      _____

6.    Statement of Claims

      (State here as briefly as possible the facts of your case. Describe how
      each defendant violated your rights, giving dates and places. If you do
      not specify how each defendant violated your rights and the date(s)
      and place of the violations, your complaint may be dismissed. Include
      also the names of other persons who are involved, including dates and
      places. Do not give any legal arguments or cite any cases or statutes.
      If you intend to allege a number of related claims, number and set
      forth each claim in a separate paragraph. Use as much space as you
      need. Attach a separate sheet if necessary.)

      _____ Please see attached _____

      _____

      _____

      _____

      _____

      _____

      _____

_____

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

_Please see attached_

_____

_____
_____
_____
_____
_____
_____
_____
_____

8.    Do you request a jury or non-jury trial? (Check only one)

(√) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _20_ day of _February_ , 20_18_

_lenalasher_

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).

UNITED STATES DISTRICT COURTHOUSE NEWARK, NEW JERSEY

Lena Lasher, Plaintiff
Federal Correctional Institution
33 1/2 Pembroke Rd.
Danbury, CT 06811-3099
Register # 67662-054

vs.                                    CIVIL ACTION NO.
Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. 1331

Anthony Rubinaccio, Executive Director "individually and in his official capacity" and
New Jersey State Board of Pharmacy (NJ BOP), State of New Jersey, Newark, New Jersey 07101, DEFENDANTS
124 Halsey St.
PO box 45029
Newark, NJ 07101

COMPLAINT AND JURY DEMAND, REQUEST FOR A SPEEDY TRIAL

STATEMENT OF CLAIM

1. An adverse decision of the New Jersey Board of Pharmacy (Newark, NJ) was rendered on 9/30/2015, which forced the plaintiff to voluntarily surrender the pharmacist license, a breakdown in the Administrative Process.

ISSUES: FRAUD, NEGLIGENT, AND BREAKDOWN IN THE ADMINISTRATIVE PROCESS

1. Racial, national origin and sex discrimination:

The Pennsylvania State Board of Pharmacy revoked the plaintiff's pharmacist license due to the "conviction". The plaintiff's license was also revoked because of her race, national origin, and sex and therefore further reinforced by the other coordinating agencies, including the New Jersey State Board of Pharmacy, which is a violation of the Constitution (Amendment 5 and 6), by going to trial and exercising her constitutional rights; others (white males) who have testified at Plaintiff's trial that they committed the crime (guilty by admission) were not punished by any state Board of Pharmacy. This is discriminatory, a deprivation of plaintiff's civil rights, and is a violation of substantial due process.

2. Refusal to allow an evidentiary hearing to support her ACTUAL innocence and reinstate her license

A. On November 15, 2016 (18 months after the Plaintiff's trial), through FOIA, the Plaintiff learned the Government not only had the original video surveillance recordings in their possession since 10/9/2013 (19 months prior to her trial), they returned this very crucial piece of evidence, to the Defendant Peter J. Riccio, without providing or disclosing a copy to the plaintiff or her attorneys. The Government's denial of her request for the video surveillance and suppression of the video, despite its many references at trial was extremely prejudicial, and in violation of Brady.

B. The video recording was finally turned over to Ms. Mitchell, camp unit manager on July 4, 2017; the Plaintiff viewed the

video recording for the first time, on 8/31/2017. In this case, the video recordings, the best evidence rule, proved the Plaintiff's actual innocence.

The video recordings (and the Plaintiff's cell phone media and phone records) are crucial because they (and business records of the pharmacy such as MURP, phone records) showed that the Plaintiff always followed rules and regulations of pharmacy law in that she counted, labeled, stored, destroyed medications properly, and dispensed medications with valid prescriptions which were verified by doctors; this was contradicted by the prosecutors' witnesses sworn testimony. The video recordings show the lack of her presence of working on the alleged days of the criminal activity (6/1/2012, 6/12/2012, 7/16/2012, 7/17/2012, 8/13/2012, 8/16/2012, 8/27/2012, and 10/2/2012), and the lack of her presence on October 2, 2012 when oxycodone was dispensed to "unkempt" individuals. It was Goloff prosecutors' witness" who dispensed all those prescriptions on October 2, 2012. The factors present in her case requires her to be present at the pharmacy at the time the drug was "shipped" on the dates referenced, and that she did not direct any pharmacist, technicians, or any employee to do so. The Government has a copy of the work schedule from the Hellertown Pharmacy and Palmer Pharmacy & Much More showing she was not at work during the dates and times of the shipments referenced. First, the violation of the governing law (PA 27.12(b)(2) and the criminal statute 21 U.S.C. Sec. 321(g)(1), 352(a), 352(c), 353(b)(1), and 353(b)(4)(A), in violation of 21 U.S.C. Sec. 331(a) and 333(a)(2) requires her to be present at the pharmacy at the time the drug was dispensed.

C. The plaintiff is requesting a hearing where she can provide evidence to prove that she was wrongfully convicted, whereby the denial of a hearing is a violation of her substantial due process right; it prevents her from showing physical evidence (a suppressed video recording), and facts which proves her innocence and supports the decision as to why her pharmacist license should be reinstated to active.

The denial of a hearing causes a further violation of the suppression, planting, tampering, and withholding of evidence and cooberation of facts to prove the plaintiff's credibility.

Unfortunately, her requests were unanswered by Mr. Anthony Rubinaccio (Executive Director) and the New Jersey Board of Pharmacy.

As reflected by the entire record of this case, the NJ BOP relied on a conviction and discrimination to force the Plaintiff to surrender her license, which was wrongfully achieved due to the Government's witnesses purgeries, suppression and tampering of evidence by the prosecutors (a Brady Violation), and withheld evidence by the trial Judge. Yet, others (white male pharmacists and technicians) who confessed to the "crime", including prostitution and theft of narcotics and other miscellaneous items from various pharmacies, were not punished by any state Board of Pharmacy while the plaintiff, an

Asian female of Vietnamese descent was violated. The NJ BOP followed the action of PA BOP to force the Plaintiff to "voluntarily" surrender her license, otherwise they would have revoked it; a breakdown in the ADMINISTRATIVE process.

In Plaintiff's letters to Mr. Anthony Rubinaccio (Executive Director) and the NJ BOP on 9/25/2017 and 1/22/2018, due to the suppressed video recordings, the Plaintiff asserted that she desired and requested an in-person hearing so that she can bring in witnesses and evidence (a video recording, exculpatory evidence, that was suppressed by the prosecutor AUSA Daniel Richenthal (pretrial, trial, and presentencing) which would confirm her testimonies. Due to her imprisonment and limited resources to do legal work, she requested aid to subpoena witnesses. At the hearing, the plaintiff would expect to have expert witnesses to corroborate her testimony and that of the suppressed/ tampered video recordings.

3. The defendant agencies, Mr. Anthony Rubinaccio (Executive Director) and the New Jersey State Board of Pharmacy, failed to deliver the required information which further causes additional delay damage and undue hardship for the plaintiff.

4. The New Jersey Board of Pharmacy erred in the decision as a matter of law in that plaintiff's wrongful criminal conviction is a Brady Violation.

Also, Mr. Anthony Rubinaccio and the New Jersey Board of Pharmacy:

a. Allowed a presumption to override an existing, proven, and undisputed fact.

b. Failed to apply the governing pharmacy law, thus constituted FRAUD, NEGLIGENT, and BREAKDOWN in the ADMINISTRATIVE process.

c. Misinterpreted the governing pharmacy law which deals with fraud on the Court committed by the prosecutors' witnesses.

In conclusion, the plaintiff is entitled to keep her pharmacist license active, as other white male pharmacists who testified that they committed the "crime" (guilty by admission) were able to keep their pharmacist license active; the Plaintiff will be damaged and at a disadvantage and hardship without a hearing to present her case and evidence to dispute those of the hearsay prosecutors' witnesses, including those of the PA BOP and PA Counsel. The Plaintiff has the Constitutional right to face her accusers. Also, the Plaintiff refuses to be victimized any further by the justice system and the New Jersey Board of Pharmacy. She is in no danger of practicing. Therefore, a hearing where she can have the opportunity to present suppressed/tampered/withheld documentation, facts, and evidence would show her innocence and wrongful conviction, and provide her with the justice she deserves.

## PRAYER FOR RELIEF

Plaintiff requests that:

1. Mr. Anthony Rubinaccio (Executive Director) and the New Jersey Board of Pharmacy, beside promptly answering the complaint to be required to file a certified copy of the transcript of the record, including the evidence on which the findings and decision are based.

The law of revocation due to a "wrongful" conviction is unfair and bias in that Plaintiff's 5th Amendment Due Process Substantial Right is violated ,as in Meyer v. NE (1923), Pierce v. Society of Sisters of the Holy Names of Jesus and Mary, Moore v. City of East Cleveland, OH, Skinner v. State of OK (1942).

2. The decision of Mr. Anthony Rubinaccio (Executive Director) and the New Jersey Board of Pharmacy be reviewed, reversed, and set aside; revoking the plaintiff's license is depriving her of her livelihood; denying her of a hearing is a violation of her due process. By further revoking her license will further continue to wrongly punish her for the rest of her life.

3. The New Jersey Board of Pharmacy be ordered and directed to order payment of the plaintiff's claim; the plaintiff is seeking compensatory damages, punitive damages, costs of suit, counsel fees for this judgment.

4. The plaintiff is asking for a trial by jury whereas she can provide evidence, via pharmacy paper trail, pharmacy business records, pharmacy law, unredacted pharmacists" write-ups, and the suppressed video recordings which showed that she did not commit the crime. The plaintiff can not be guilty of a crime she was not there to commit, and which she did not agree to commit, more so, for an act that she did not condone. The unredacted write-ups in themselves show clearly that the Plaintiff reprimanded the testifying witnesses, for the very act that the government presented as being directed by the Plaintiff. The Government turned the suppressed video recordings over to the plaintiff, which is in the possession of the Bureau of Prisons (BOP) Camp Unit manager Ms. Mitchell.

5. The plaintiff is also requesting Judicial Review by filing this civil action.

6. The plaintiff has such other and further relief as may appear just and proper to the Court.

Respectfully Submitted,                    February 20, 2018

Lenalasher

Lena Lasher
Register # 67662-054
Federal Correctional Institution
33 & 1/2 Pembroke Rd.
Danbury, CT 06811-3099